MAY 2 1 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUAN G. EVORA,                    )
                                  )
        Petitioner,               )
                                  )
v.                                )        Civil Action No. 3:09CV91-HEH
                                  )
GENE JOHNSON,                     )
                                  )
        Respondent.               )

## MEMORANDUM OPINION
### (Dismissing Action As Moot)

Petitioner, a Virginia prisoner, filed this petition for a writ of habeas corpus challenging

the execution of his sentence by the Virginia Department of Corrections ("VDOC").

Specifically, Petitioner contends that the VDOC failed to give him credit for the time he served

and otherwise failed to properly calculate his sentence. Petitioner requests that the Court order

Respondent to properly calculate his sentence and order his release. On March 23, 2009,

however, Petitioner was released from incarceration and has fully served the sentences for which

he was imprisoned. Therefore, Respondent has moved to dismiss on the grounds that

Petitioner's claims are moot. Petitioner has not responded.

"A habeas corpus petition is moot when it no longer presents a case or controversy under

Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)

(citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). There is no case or controversy unless the

petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision."

*Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)); *see*

*also Spencer*, 523 U.S. at 18 (stating that the federal courts "are not in the business of

pronouncing that past actions which have no demonstrable continuing effect were right or

wrong"). Where a habeas petitioner's sentence has expired and he does not challenge the underlying conviction itself, he must demonstrate the existence of "collateral consequences" that rise to the level of an actual injury. *Id.* at 14 (holding that courts will not presume any actual injury arising from parole revocation if petitioner is no longer incarcerated) (citing *Lane v. Williams*, 455 U.S. 624, 631-32 (1982)).

Petitioner, who has been released, complains that the VDOC incorrectly calculated the time he was required to serve prior to his release from prison. Petitioner does not attempt to demonstrate that the allegedly incorrect calculation inflicted any collateral consequences upon him. *See United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008) (holding that "'[i]n the absence of a presumption of collateral consequences, [petitioner] bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-controversy requirement'" (quoting *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999)))(alteration in original). Accordingly, the motion to dismiss (Docket No. 8) will be GRANTED. The action will be DISMISSED as MOOT.

An appropriate Order shall accompany this Memorandum Opinion.

Date: MAY 20 2009
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge